PER CURIAM.
This disciplinary proceeding is before us on the complaint of the Florida Bar and the report of the referee recommending that respondent be indefinitely suspended. The Florida Bar has petitioned for review. Respondent has failed to appear and file a response. We have jurisdiction. Art. V, § 15, Fla. Const.
The alleged misconduct concerns the respondent’s failure to keep accurate trust account records in connection with the administration of a client’s estate and the respondent’s failure to maintain his trust account in compliance with the minimum requirements for trust account records and procedures. At the final hearing, respondent contended that he was merely guilty of “sloppy bookkeeping,” which he attributed to his alcoholism. The referee found respondent guilty of violating Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(6), 6-101, and 9-102(B)(3), and article XI, Rule 11.02(4) of the Integration Rule of The Florida Bar. The referee initially recommended that respondent be suspended from practice indefinitely, requiring proof of rehabilitation in two areas before respondent could be reinstated. The referee recommended that, as proof of rehabilitation, respondent be required to successfully complete an accredited course in bookkeeping and trust accounting and be successfully treated for alcoholism. The referee noted that respondent had previously been suspended for thirty days in 1980 and sixty days in 1981. The Florida Bar filed a motion for clarification of the referee’s disciplinary recommenda *749 tion, noting that article XI, Rule 11.10(4) of the Integration Rule of The Florida Bar “requires suspensions to be for a time certain and does not permit an indefinite period of suspension unless such period is preceded by a definite period of suspension.” The referee filed a response to the Bar’s motion for clarification, advising that respondent could not be expected to be rehabilitated in a period of less than three years and stating that respondent should be suspended for “three years or until proof of rehabilitation ... is shown.”
We agree that the referee must recommend a definite period of suspension. We conclude and order that respondent be suspended from the practice of law for a period of three years, and thereafter until such time as proof of rehabilitation is shown. Respondent’s proof of rehabilitation shall include evidence of satisfactory alcoholic treatment, the successful completion of a trust-accounting course, and passing the ethics portion of the Florida Bar exam. Costs are assessed against respondent in the amount of $1,642.71.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVER-TON, MCDONALD and EHRLICH, JJ, concur.