PER CURIAM.
This disciplinary proceeding against George L. Onett is before us on complaint of The Florida Bar and the report of the referee. The referee recommends that Onett be disbarred. Onett petitions this Court for review of the referee’s findings of fact and recommendations of guilt and discipline. We have jurisdiction, article V, section 15, Florida Constitution, and approve the referee’s findings and recommendations.
Respondent was convicted in federal district court of six felony charges: mail fraud conspiracy, conspiracy to obstruct interstate commerce by extortion, obstruction and attempted obstruction of interstate commerce by extortion, mail fraud, and two counts of perjury. Respondent was suspended from the practice of law effective October 18, 1982, under Florida Bar Integration Rule, article XI, rule 11.-07(3). Based on these convictions, the referee recommended that respondent be found guilty of violating Florida Bar Code of Professional Responsibility Disciplinary Rules 1-102(A)(1) (violating a disciplinary rule), 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct in *390 volving dishonesty, fraud, deceit, or misrepresentation), l-102(A)(5)(conduet prejudicial to the administration of justice), 1-102(A)(6)(conduct that adversely reflect on fitness to practice law), as well as Florida Bar Integration Rule, article XI, Rule 11.-02(3)(a)(commission of an act contrary to honesty, justice or good morals).
Respondent urges that the referee’s recommendations of guilt and disbarment should be disapproved. In support, respondent argues that he was denied due process before the referee because he was not permitted to subpoena witnesses whose evidence would have vitiated the federal convictions and shown that he was guilty of no wrongdoing. Moreover, respondent urges, it was harmful error to introduce into evidence the federal indictment because it contained counts and allegations which were not proven at trial.
Respondent’s argument merits only brief comment. Respondent attempted to subpoena the presiding judge in the federal trial and the general counsel of the Florida Judicial Qualifications Commission, purportedly for the purpose of showing that the presiding judge should have re-cused himself from the trial. Respondent does not deny that he has been convicted and those convictions affirmed on appeal, United States v. Haimowitz, 725 F.2d 1561 (11th Cir.), cert. denied, 469 U.S. 1072, 105 S.Ct. 563, 83 L.Ed.2d 504 (1984). Instead, he asks that we go behind those convictions and, essentially, retry these criminal charges. The uncontroverted presence of a felony conviction is conclusive proof of guilt of the offense charged for disciplinary purposes. Fla.Bar Integr. Rule, art. XI, Rule 11.07(1). A referee is not empowered to go behind a criminal conviction. The Fla. Bar v. Heller, 473 So.2d 1250 (Fla.1985); The Fla. Bar v. Vernell, 374 So.2d 473 (Fla.1979). The denial of the subpoenas and the refusal of the profferred evidence was not error and did not violate due process.
Respondent’s argument on introduction of the indictment is also meritless. The judgment of conviction was conclusive proof of the commission of the felonies. The indictment merely showed that the convictions were obtained based on charges brought. The trier-of-fact normally has access to such charges even though they are not evidence of guilt.
We approve the referee’s findings of fact and recommendations of guilt and discipline. Onett is disbarred effective immediately. Judgment for costs in the amount of $603.86 is hereby entered against Onett, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.