512 So.2d 200 (1987)
THE FLORIDA BAR, Complainant,
v.
Harold B. HAIMOWITZ, Respondent.
No. 67620.
Supreme Court of Florida.
September 17, 1987.
*201 John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and James N. Watson, Jr., Bar Counsel, Tallahassee, for complainant.
Lacy Mahon, Jr. of Lacy Mahon, Jr. and Mark H. Mahon, P.A., Jacksonville, for respondent.
PER CURIAM.
The Florida Bar filed a complaint against Haimowitz, a member of the bar, seeking appropriate discipline after Haimowitz was convicted of six felonies in federal court. The felonies included conspiracy to use the postal service to execute a scheme to defraud, obtaining property by false and fraudulent pretenses, conspiracy to obstruct interstate commerce by extortion, and mail fraud. After a hearing, the referee found that Haimowitz had violated disciplinary rules 1-102(A)(1) (violation of a disciplinary rule), 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), 1-102(A)(6) (conduct that adversely reflects on fitness to practice law), and integration rule 11.02(3)(a) (commission of an act contrary to honesty, justice, or good morals).[1] The referee recommends that Haimowitz be disbarred.
Haimowitz filed a petition for review, maintaining his innocence of the offenses of which he was convicted. The bar responded that Haimowitz has failed to show the referee's report and recommendations to be erroneous. Neither side filed a brief in support of its position.
Conviction of felony charges can warrant disbarment. The Florida Bar v. Onett,[2] 504 So.2d 388 (Fla. 1987); The Florida Bar v. Adamo, 493 So.2d 450 (Fla. 1986). After studying the referee's report and recommendations, we agree that Haimowitz should be disbarred. Accordingly, we hereby disbar Harold B. Haimowitz, effective immediately on the filing of this opinion. Judgment for costs in the amount of $789.60 is hereby entered against Haimowitz, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] All references are to the former bar rules because this case was heard prior to adoption of the Rules Regulating Florida Bar.
[2] Onett and Haimowitz were co-conspirators. Onett was convicted in federal court of the same charges as those against Haimowitz and was disbarred by this Court.