536 So.2d 188 (1988)
THE FLORIDA BAR, Complainant,
v.
Joe G. HOSNER, Respondent.
No. 71533.
Supreme Court of Florida.
September 8, 1988.
Clarification Granted January 31, 1989.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Thomas H. Bateman, III, Mary Ellen Bateman and Susan V. Bloemendaal, Bar Co-Counsel, Tallahassee, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the report of a referee. No review is sought by either party.
The referee found that the respondent attorney, Joe G. Hosner, has been convicted in United States District Court on fourteen felony charges of assisting in the preparation of false income tax returns and one count of using the United States mail to commit fraud. The convictions of assisting in the preparation of false tax returns were obtained by verdict in a jury trial. The mail fraud conviction was obtained by means of respondent's guilty plea.
The referee recommended that respondent be found guilty of violating the former Florida Bar Integration Rule, article XI, rule 11.02(3)(a) (conduct contrary to honesty, justice, and good morals) and article XI, rule 11.02(3)(b) (criminal conduct); and the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).
The referee recommended that respondent be disbarred. We approve the referee's report. Joe G. Hosner is hereby disbarred, effective immediately.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Joe G. Hosner for costs in the amount of $365.06, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
The Florida Bar's motion for clarification is granted and the decision of the Court rendered September 8, 1988 in the abovestyled case is clarified to provide and order that no application for readmission to The Florida Bar may be submitted by the respondent for a period of ten years from the date of disbarment.
It is so ordered.