544 So.2d 1003 (1989)
THE FLORIDA BAR, Complainant,
v.
Laurence GOLDEN, Respondent.
No. 72026.
Supreme Court of Florida.
May 25, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Jacquelyn P. Needelman, Bar Counsel, Ft. Lauderdale, for complainant.
Edward G. Salantrie, Ft. Lauderdale, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on complaint of the Florida Bar and the referee's report. The referee recommends finding Golden guilty of conduct involving moral turpitude, engaging in dishonesty, fraud, or misrepresentation, and commission of a felony. The referee also recommends suspending Golden for two years followed by a one-year probation. Golden accepts the referee's recommendations, while the bar seeks disbarment. We have jurisdiction under article V, section 15 of the Florida Constitution. We adopt the referee's findings, but suspend Golden for three years.
This proceeding arises out of a single, isolated incident. Golden deleted one line from a treating physician's report, signed a demand letter pursuant to that report, and mailed both documents to an insurance company. Based on these documents, Golden settled his client's personal injury claim for $3,100 with Golden netting $1,240. A trial court determined Golden guilty of insurance fraud, but withheld adjudication *1004 of guilt and placed Golden on three years' probation.[*]
Clearly, conviction of felony charges can warrant disbarment. The Florida Bar v. Hosner, 536 So.2d 188 (Fla. 1988) (assisting in preparation of false income tax returns); The Florida Bar v. Haimowitz, 512 So.2d 200 (Fla. 1987) (mail fraud). We are influenced, however, by the referee's findings of no aggravating and several mitigating circumstances, including the lack of a prior disciplinary record, full restitution to the insurance company, and significant evidence of remorse. Given the isolated nature of the incident, we feel that disbarment is not appropriate in this case. On the other hand, Golden committed a felony exhibiting dishonesty. The suspension should be more severe than that recommended by the referee.
We hereby suspend Golden for three years effective from the date of his automatic suspension (February 3, 1988), followed by a one-year probationary period. Moreover, Golden must pass the ethics portion of the Florida Bar Exam before reinstatement. Judgment for costs in the amount of $436.65 is hereby entered against Golden, for which sum let execution issue.
It is so ordered.
OVERTON, McDONALD, SHAW and KOGAN, JJ., concur.
EHRLICH, C.J., dissents as to discipline with an opinion, in which GRIMES, J., concurs.
BARKETT, J., dissents with an opinion.
EHRLICH, Chief Justice, dissenting as to discipline.
The respondent entered a plea of guilt to a charge of insurance fraud, a felony.
Respondent deleted one line from a treating physician's report and signed a demand letter pursuant to that report and mailed both documents to an insurance company. Based on these documents the insurance company settled the injury claim. The referee found him guilty of the violations alleged in the bar's complaint which constituted illegal conduct involving moral turpitude and conduct involving dishonesty, fraud, deceit, or misrepresentation.
As an apparent explanation for this conduct, respondent said that approximately two years previously his fiancee committed suicide and this caused him to suffer from anxiety induced depression. It is difficult for me to relate an act of dishonesty of the kind involved here to the alleged depressive reaction syndrome, the cause of which occurred two years previously.
The public has a right to expect that a lawyer is honest, that his representations are truthful, and that he can be trusted. If a lawyer is dishonest, he should no longer be permitted to practice law.
I agree with the position of the bar. The respondent should be disbarred. If he is able to show rehabilitation he can be readmitted to the bar.
GRIMES, J., concurs.
BARKETT, Justice, dissenting.
The fraud committed here so drastically undermines the judicial process that I believe disbarment is mandated.
NOTES
[*] The trial judge also ordered Golden not to practice law for three years. We make no comment on the validity of this part of the judge's order because our disposition moots it.