548 So.2d 1110 (1989)
THE FLORIDA BAR, Complainant,
v.
Val R. PATARINI, Respondent.
No. 72070.
Supreme Court of Florida.
September 14, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
Scott K. Tozian of Smith and Tozian, P.A., Tampa, and Jack T. Edmund, Ft. Meade, for respondent.
*1111 PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the referee's report. We have jurisdiction under article V, section 15 of the Florida Constitution and consider the case pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar (Rules).
The conduct at issue arose from post-dissolution proceedings in which respondent's former wife sought to enforce provisions of the dissolution decree against respondent. Apparently blaming the ex-wife's counsel for his problems, respondent asked a client to locate a "muscle man" willing to physically harm or threaten the ex-wife's counsel. The client, who was a police informant, arranged for respondent to meet a purported muscle man who was in fact a police undercover officer. These conversations between respondent and his client and muscle man, which were recorded, included discussions of blowing up the counsel's car, breaking his arm, or otherwise harming him or his property. Respondent also expressed interest in using the muscle man to collect debts owed to respondent by certain clients and in providing services to other clients who might need his services. These multiple meetings and conversations took place over several weeks ending with respondent telling the muscle man he would call him if he needed him.
The referee recommends finding respondent guilty of conduct adversely reflecting on his fitness to practice law and conduct contrary to good morals.[*] The parties agree on the findings of fact and recommendations of guilt, which we approve. The referee also recommends that respondent be publicly reprimanded, placed on probation for one year, and required to undergo supportive therapy. In recommending this discipline, the referee was apparently influenced by respondent's twenty-three year discipline-free record, by uncontroverted favorable testimony concerning respondent's character and competence, and by uncontroverted testimony from a clinical psychologist that respondent's conduct was an aberration which arose from the emotional strain he was suffering as a result of the marriage dissolution and post-dissolution proceedings. The Bar argues that the recommended discipline is inadequate given the seriousness of the misconduct and that respondent should be suspended for a period of ninety-one days and required to show fitness to practice law prior to reinstatement.
We exercise a broad scope of review in evaluating a referee's recommendation of discipline. The Fla. Bar in re Inglis, 471 So.2d 38 (Fla. 1985). Respondent's misconduct was considerably more than fantasizing or momentary anger. Over a period of weeks, he actively sought and obtained someone willing to perform illegal violent acts, provided the muscle man with the name and particulars of the intended victim, reached the point in the discussion where only a phone call was needed to have the illegal acts carried out, and, finally, never clearly renounced the planned illegal activity. Even if we afford maximum weight to the evidence of mitigation, a public reprimand or a ninety-one day suspension is inadequate. Disbarment would be an appropriate discipline were it not for extensive mitigating circumstances. Patarini has had a long trouble-free past as a lawyer, and his actions here took place during a period of intense emotional upheaval precipitated by his divorce. We agree with the referee's conclusion that this was an isolated incident that never went beyond the talking stage. Accordingly, we suspend Patarini for a period of one year and thereafter until he has demonstrated fitness to be reinstated. The suspension will be effective October 16, 1989, giving him thirty days to close out his practice and protect his client's interests. As provided by rule 3-5.1(h) of the Rules, respondent shall provide notice of his suspension to clients and shall accept no new clients until reinstated. He is ordered to pay the costs of this proceeding and judgment *1112 is entered against him for $1,241.71, for which sum let execution issue.
It is so ordered.
OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion, in which EHRLICH, C.J. and KOGAN, J., concur.
BARKETT, Justice, dissenting.
I am appalled that neither the majority nor the Bar suggests disbarment in this case.
As the majority notes, this lawyer
asked a client to locate a "muscle man" willing to physically harm or threaten the ex-wife's counsel. .. . [The] conversations between respondent and his client and muscle man, which were recorded, included discussions of blowing up the counsel's car, breaking his arm, or otherwise harming him or his property. Respondent also expressed interest in using the muscle man to collect debts owed to respondent by certain clients and in providing services to other clients who might need his services.

At 1111 (emphasis added).
Moreover, the majority concedes that:
Respondent's misconduct was considerably more than fantasizing or momentary anger. Over a period of weeks, he actively sought and obtained someone willing to perform illegal violent acts, provided the muscle man with the name and particulars of the intended victim, reached the point in the discussion where only a phone call was needed to have the illegal acts carried out, and finally, never clearly renounced the planned illegal activity.
At 1111-12.
This Court has disbarred attorneys for assisting in the preparation of false income tax returns and for mail fraud, The Florida Bar v. Hosner, 536 So.2d 188 (Fla. 1988); for fraud and extortion, The Florida Bar v. Haimowitz, 512 So.2d 200 (Fla. 1987); for grand theft, The Florida Bar v. Lowe, 530 So.2d 58 (Fla. 1988); and for felony drug offenses, The Florida Bar v. Greenberg, 534 So.2d 1142 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989). In addition, we have disbarred attorneys for disciplinary violations such as commingling trust funds, failing to maintain trust records, improperly withdrawing trust funds, The Florida Bar v. DeSerio, 529 So.2d 1117 (Fla. 1988); and misappropriating trust funds and betraying the interests of the client and partner, The Florida Bar v. Fitzgerald, 541 So.2d 602 (Fla. 1989).
By comparison, respondent's conduct is a far more egregious and outrageous violation of the standards of ethical conduct than the above cited cases and many others in which disbarment was deemed appropriate. Moreover, the nature of this misconduct, in addition to its illegality, flagrantly undermines the entire judicial process. The majority apparently rejects disbarment because respondent was suffering from emotional strain as a result of his marriage dissolution and post-dissolution proceeding. This hardly constitutes sufficient mitigation, in my mind, to overcome the reprehensible misconduct here.
I believe this case merits disbarment.
EHRLICH, C.J., and KOGAN, J., concur.
NOTES
[*] Respectively, The Florida Bar Code of Professional Responsibility, Disciplinary Rule 1-102(A)(6) and The Florida Bar Integration Rule, article XI, Rule 11.02(3). The complaint here was initiated prior to the adoption of Rules Regulating The Florida Bar.