552 So.2d 912 (1989)
THE FLORIDA BAR, Petitioner,
v.
Herman T. ISIS, Respondent.
No. 72644.
Supreme Court of Florida.
October 12, 1989.
Rehearing Denied December 11, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Kevin Tynan and Randi Klayman Lazarus, Bar Counsel, Miami, for petitioner.
Arthur Halsey Rice of Rice & Reiser, P.A., Miami, for respondent.
PER CURIAM.
The Florida Bar petitions this Court to adopt the referee's report recommending that Herman T. Isis be suspended or disbarred. We have jurisdiction. Art. V, § 15, Fla. Const.
Herman T. Isis is a suspended member of The Florida Bar. On July 19, 1987, he pled no contest to a charge of conspiracy to commit organized fraud, a second-degree *913 felony; and to a charge of unlawful use of boiler rooms, a third-degree felony. He was adjudicated guilty and sentenced to eighteen months' imprisonment on the fraud charge. The court withheld adjudication as to the other charge, but imposed a condition of five years' probation, running consecutively to the eighteen-month sentence. Isis served seventy-seven days and was fined $10,000.
In subsequent Bar discipline proceedings, the referee concluded that Isis had been adjudicated guilty of criminal charges involving fraud, dishonesty, deceit and misrepresentation. The referee found Isis guilty of violating bar disciplinary rules, and concluded that several aggravating factors existed. These factors included using a professional license and legal skills to violate the law and a prior disciplinary offense resulting in three months' suspension. See State ex rel. The Florida Bar v. Isis, 113 So.2d 227 (Fla. 1959).
As for punishment, the referee stated:
I recommend that as a minimum, Mr. Isis be suspended from the practice of law for the maximum period of three years and that he be required to demonstrate proof of rehabilitation as provided in Rule 3-5.1(e), Rules of Discipline; and at a maximum, that he be disbarred for five years.
Isis contests the referee's recommendations and asks the Court to impose no discipline or, in the alternative, to suspend him for a three-year period. He argues that his no contest plea was merely an Alford[1] plea and that his prosecution was the result of a vendetta by a state agency that he had defeated in court proceedings.
We agree with the bar's argument that disbarment is required based on the serious nature of the felony for which Isis was convicted. E.g., The Florida Bar v. Haimowitz, 512 So.2d 200 (Fla. 1987). Isis was adjudicated guilty of a serious fraud involving large sums of money. This conviction is conclusive proof of guilt for purposes of Bar disciplinary proceedings. The Florida Bar v. Onett, 504 So.2d 388, 390 (Fla.), cert. denied, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 105 (1987). Although he contends he entered an Alford plea, we can find no evidence in the record that Isis' plea was accompanied by a protestation of innocence as required by North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970).
Nor is there any evidence or a finding by the referee supporting Isis' present claim of innocence. Thus, this case is distinguishable from The Florida Bar v. Pavlick, 504 So.2d 1231 (Fla. 1987), in which we held that a minor felony conviction entered pursuant to an Alford plea will not necessarily result in disbarment if there is evidence and a referee's finding supporting innocence.
As for discipline, we note that the referee in this instance improperly recommended a range of discipline. The clear duty of the referee is to recommend a definite and precise form of discipline, not a range. The Florida Bar v. Byron, 424 So.2d 748 (Fla. 1982). We admonish referees to comply with this duty in the future.
We adopt the referee's findings and disbar Isis from the practice of law effective immediately upon the filing of this opinion. Judgment for costs in the amount of $876.00 is entered against Isis, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] See North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970) ("a plea ... containing a protestation of innocence when ... a defendant intelligently concludes that his interests require entry of a guilty plea").