PER CURIAM.
This disciplinary proceeding is before the Court on complaint from The Florida Bar and the referee’s report. We have jurisdiction. Art. V, § 15, Fla. Const.
On, or about July 24, 1985, Golden represented a client, Shih Wu, who entered into a contract to buy certain vacant real property from a man identified as Nuzzo, who had an option to purchase the property. The contract between Nuzzo and Wu provided for a ten percent deposit of $22,500 to be held in escrow by Golden. The contract further provided that the deposit would be retained as liquidated damages in case of a breach of contract by the buyer. Before closing could occur, Golden and his client terminated the contract, alleging bad title.
On that same day, August 21, 1985, Golden attempted to negotiate with William Stockman, attorney for the party who owned the property in issue. Golden hoped to purchase the property directly from Stockman’s client with the express motive *1147 of getting a nice fee for himself. On August 28, 1985, Golden told the secretary of Nuzzo’s attorney that he already had returned the $22,500 deposit to his client, Wu. However, Golden actually did not return the $22,500 until September 9, 1985, after being on notice that the funds were in dispute and that Nuzzo had demanded their release as liquidated damages.
A formal complaint was filed by The Florida Bar on January 12, 1989, with a final hearing taking place on June 26, 1989. On July 31, 1989, the referee entered a report finding Golden guilty and recommending suspension for a period of two years to run consecutively with the three-year suspension Golden earlier had received. In his report, the referee found that Golden wrongfully returned the funds he held in escrow, thereby violating his duties as a fiduciary and escrow agent. The referee further found that Golden acted in bad faith when he attempted to negotiate with Stockman to purchase the property directly from Stockman’s client. The referee also found that Golden acted in bad faith and falsely represented that he had returned the $22,500 deposit on August 28, 1985, when in fact these funds were not returned until September 9, 1985.
In his report, the referee recommended that Golden be found guilty of violating the Florida Bar Integration Rule, article XI, rule 11.02(4), and Disciplinary Rule 1-102(A)(4) of the Code of Professional Responsibility. The referee recommended a two-year suspension to run consecutively with his current suspension. The findings concluded that Golden’s prior disciplinary offense, his dishonest or selfish motive, the pattern of misconduct, and Golden’s refusal to acknowledge the wrongful nature of his conduct constituted aggravating factors.
Golden argues that the disciplinary recommendations of the referee should not be followed because the referee erroneously determined that he had committed cumulative misconduct and a prior disciplinary offense. Golden argues that at the time the acts in this case were committed there were no previous disciplinary offenses because his actions in The Florida Bar v. Golden, 544 So.2d 1003 (Fla.1989), which occurred in April 1986, were not subjected to discipline until May 1989. However, cumulative misconduct can be found when the misconduct occurs near in time to the other offenses, regardless of when discipline is imposed. The Florida Bar v. Baron, 392 So.2d 1318 (Fla.1981).
In his prior disciplinary proceeding, Golden was found guilty of insurance fraud occurring in 1986 when he deleted a line from a physician’s report, thus allowing himself to settle his client’s personal injury claim for $3,100 with Golden netting $1,240. In the present case, Golden was found to have violated his duties as fiduciary and escrow agent in 1985, actions also involving dishonesty, fraud, deceit, and misrepresentation. We find this to be cumulative misconduct requiring greater discipline than the referee recommended.
Accordingly, we adopt the referee’s findings, but disbar Golden from the practice of law in Florida for a period of five years. Judgment for costs in the amount of $1,327.95 is entered against Golden, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.