571 So.2d 420 (1990)
THE FLORIDA BAR, Complainant,
v.
Howard A. LEVINE, Respondent.
No. 72327.
Supreme Court of Florida.
November 29, 1990.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, and James N. Watson, Jr., Bar Counsel, Tallahassee, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This is a lawyer discipline proceeding in which The Florida Bar seeks to increase the recommended discipline by the referee from three years' suspension to disbarment. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the findings but conclude that the discipline should be disbarment nunc pro tunc August 1, 1987.
This proceeding concerns Howard Levine's plea of guilty to two felony offenses for securities fraud; specifically, he pled and was adjudicated guilty of organized fraud and the unlawful operation of boiler rooms in violation of sections 817.034 and 517.312, Florida Statutes (1989), respectively. As a result of his plea, Levine was sentenced to a prison term of thirty months and three years' probation. Levine also entered a plea in Oklahoma to four counts of an information relating to the same events and was sentenced to a prison term *421 of thirty months to run concurrent with the Florida sentence.
The facts underlying the pleas and convictions reflect that from April, 1985, through May, 1986, Levine was employed by individuals involved in an investment scheme that defrauded investors. Levine's involvement consisted of drafting legal documents in order to form marketing, leasing, and drilling companies consistent with the laws of the Comanche nation and the laws of Oklahoma and Florida. In 1986, the Securities and Exchange Commission (SEC) began investigating these companies, alleging that they were actually securities, not partnerships, which Levine had failed to register with the SEC. Levine cooperated fully with the SEC and no criminal charges were filed against him by the SEC. Levine asserts that he entered Alford[1] pleas to these charges because of personal health reasons, family considerations, and his financial inability to defend these criminal charges. Levine was sentenced to two thirty-month concurrent prison terms and three years' probation.
The referee found Levine guilty of ethical violations and recommended (1) a three-year suspension dating back to the date of his felony suspension in August, 1987, and (2) that Levine be required to pass The Florida Bar examination before reinstatement.
Levine's misconduct involved the failure to register agents, the employment of unregistered agents, distribution of unfiled and unapproved sales literature, and fraud in the offer and sale of securities. The charges relate to one continuous event and all of Levine's pleas, both in Florida and in Oklahoma, involve the same fraudulent scheme. The record establishes that Levine was employed as a lawyer and not a participant sharing in the profits of the scheme and that the only financial benefit he received was the reasonable attorney's fees for the work he performed.
The Florida Bar seeks disbarment. The Bar argues that this case is identical to The Florida Bar v. Isis, 552 So.2d 912 (Fla. 1989), and that it merits the same discipline. The respondent in Isis was involved in the same fraudulent scheme as Levine and was named a codefendant in both counts to which Levine pled guilty. Since Isis was disbarred, the Bar asserts that Levine should also be disbarred.
Levine asserts that the record supports the referee's recommendation, based on the following mitigating circumstances: (1) Levine did not directly participate in illegal activities since he was employed as a lawyer, not a partner in the scheme; (2) Levine did not receive any profit or share from the scheme; (3) Levine cooperated fully with the SEC and no charges were filed against him by the SEC; (4) Levine cooperated fully with the state in its prosecution; (5) Levine entered Alford pleas; (6) Levine had no prior disciplinary record; and (7) finally, in the referee's words, the
respondent recognizes the seriousness of the charges against him and, while steadfastly maintaining his innocence to the Florida and Oklahoma charges for which he entered pleas, he has not asked that this action be dismissed or that he be found not guilty and has accepted the fact that discipline is appropriate.
We agree with the Bar. In doing so, we realize that Isis had been suspended previously from the Bar, whereas Levine had no prior disciplinary record. However, we note that Levine received a more severe sentence from the federal court for his conduct. This is a serious offense, for which disbarment is the appropriate discipline. We find that the mitigating factors found by the referee justify making the order of disbarment nunc pro tunc to the date Levine was suspended by reason of his criminal convictions.
Accordingly, we hold that Levine is guilty of violating Disciplinary Rules 1-102(A)(3) and 1-102(A)(4) of the Code of *422 Professional Responsibility and Rules 11.02(3)(a) and 11.02(3)(b) of article XI of The Florida Bar Integration Rule; and we direct that Levine shall be disbarred from the practice of law nunc pro tunc August 1, 1987. Judgment for costs is hereby entered against Howard A. Levine in the amount of $989.00, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] An Alford plea is "a plea containing a protestation of innocence when ... a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970).