583 So.2d 313 (1991)
THE FLORIDA BAR, Complainant,
v.
Stanley P. COHEN, Respondent.
No. 74593.
Supreme Court of Florida.
May 30, 1991.
Rehearing Denied August 20, 1991.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Kevin P. Tynan, Bar Counsel, Ft. Lauderdale, for complainant.
Stanley P. Cohen, in pro. per., Hollywood, and Gene Reibman of the Law Offices of Gene Reibman, Co-Counsel, Fort Lauderdale, for respondent.
PER CURIAM.
We have for review the referee's report in a disciplinary proceeding against Stanley P. Cohen in which the referee found Cohen guilty of misconduct and recommended that he be suspended from the practice of law. The Bar seeks review of the recommended discipline and urges that disbarment is appropriate. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
This proceeding arose as a result of Cohen's 1989 Maine conviction of felony arson pursuant to title 17A, section 802(1)(B)(1), Maine Revised Statutes Annotated. Cohen was indicted in 1986 for the 1981 arson of his home which enabled him to collect between $32,000 and $40,000 in insurance proceeds. The conviction was the result of an Alford[1] plea. Cohen was sentenced to one year of imprisonment and ordered to pay $1,260.00 to the Maine Attorney General's Office for the benefit of the local fire department. Although Cohen was automatically suspended from The Florida Bar, The Florida Bar v. Cohen, No. 74,549 (Fla. Aug. 24, 1989), the Bar instituted the instant proceeding seeking disbarment.
After a hearing at which Cohen and his wife, who was also indicted for the arson, were the only witnesses, the referee found Cohen guilty of violating Canon 1 and Disciplinary Rules 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude) and 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the former Code of Professional Responsibility. The referee recommends that Cohen be suspended from the practice of law for a period of twelve months retroactive to September 21, 1989, the effective date of his automatic felony suspension, and thereafter until his successful passage of the Florida and Ethics portions of The Florida Bar Examination.
Cohen takes the position that the referee accepted his contention that his Alford plea was motivated by the state's offer to drop the arson charge against his wife, who at the time was breast feeding their one-year-old baby, and urges this Court to approve the recommended one-year suspension. The Bar, on the other *314 hand, takes the position that arson and the collection of insurance proceeds as a result thereof is a serious offense which merits disbarment and Cohen's "naked assertion of innocence, based upon an Alford plea, should not serve to mitigate against disbarment." We agree that disbarment is warranted in this case.
We have held that "a minor felony conviction entered pursuant to an Alford plea will not necessarily result in disbarment if there is evidence and a referee's finding supporting innocence." The Fla. Bar v. Isis, 552 So.2d 912, 913 (Fla. 1989) (citing The Fla. Bar v. Pavlick, 504 So.2d 1231 (Fla. 1987)). This holding was based on our recognition that although a judgment of guilt entered upon an Alford plea is conclusive proof of guilt of the criminal offense charged,[2] an attorney has a due process right to offer in mitigation an explanation of the circumstances surrounding such a plea. Pavlick, 504 So.2d 1231. If there is evidence on the record that a plea was accompanied by a protestation of innocence, a respondent's "version of the underlying case and his reasons for the plea," id. at 1234, may properly be considered in mitigation by the referee. Cf. Isis, 552 So.2d 912 (no evidence that guilty plea was accompanied by a protestation of innocence).
The referee in this case properly considered the "circumstances surrounding" the plea and the reasons offered by Cohen and his wife for its entry. However, we agree with the Bar that a conviction of felony arson, the commission of which allows an attorney to collect over $30,000 in insurance proceeds, is a serious offense which warrants disbarment, notwithstanding the facts considered in mitigation by the referee.[3]Cf. Pavlick (minor felony conviction based on Alford plea for accessory after the fact to a misprision of a felony involving importation of marijuana warrants two-year suspension); Isis (conviction of conspiracy to commit organized fraud serious felony warranting disbarment).
Accordingly, respondent Stanley P. Cohen, who is currently under suspension, is disbarred from the practice of law in this state retroactive to September 21, 1989, the effective date of that suspension. Judgment for costs in the amount of $699.35 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., concurs in part and and dissents in part with an opinion.
OVERTON, Judge, concurring in part and dissenting in part.
I concur in the finding of guilt, but I dissent as to the discipline. I find that, given the total circumstances, a suspension for three years is appropriate.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970) (a plea containing a protestation of innocence when a defendant intelligently concludes that his interests require entry of a guilty plea).
[2] Rule 3-7.2(b), (i)(2) of the Rules Regulating The Florida Bar, formerly article XI, rule 11.07(1), (4) of the Integration Rule; The Florida Bar v. Onett, 504 So.2d 388, 390 (Fla.), cert. denied, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 105 (1987).
[3] The referee considered in mitigation: the "circumstances surrounding" the plea; the lapse of time since the offense; the fact that Cohen had been a member of the legal profession since 1969 and had no prior disciplinary record; and the fact that during his incarceration, Cohen was permitted to work in a Maine law firm as a paralegal on work release.