701 So.2d 555 (1997)
THE FLORIDA BAR, Complainant,
v.
Alexander N. GRIEF, Respondent.
No. 88217.
Supreme Court of Florida.
November 6, 1997.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Kevin P. Tynan, Bar Counsel and David M. Barnovitz, Assistant Staff Counsel, Fort Lauderdale, for Complainant.
John A. Weiss of Weiss & Etkin, Tallahassee, for Respondent.
PER CURIAM.
This is a lawyer discipline proceeding in which The Florida Bar seeks to increase to disbarment the referee's recommended discipline of three years' suspension. We have jurisdiction pursuant to article V, section 15, Florida Constitution. We conclude that the discipline should be disbarment nunc pro tunc to October 18, 1996.
The Bar instituted proceedings against respondent after he was convicted in 1995 of a federal felony charge of conspiracy to defraud the government by filing false immigration documents, based on the following events. From March until August 1990, Grief and others operated an immigration consulting business in Las Vegas, Miami, Tampa, Chicago, San Francisco, and Seattle. During this time, illegal aliens paid Grief and others to assist them in preparing applications under an amnesty program of the United States Immigration and Naturalization Service (INS). Grief charged each applicant $250 to $2000 (usually about $400), and he prepared and filed more than 400 applications with the INS. Most of the applications were false in that the applicants did not meet the continuous-residence and other requirements established by federal courts. Grief knew that these applications contained false employment letters, leases, receipts, postmarked envelopes, and other documents making it appear that applicants were qualified to become legal aliens. Grief and coconspirators filed applications for the unqualified applicants and obtained INS interviews to which they would accompany the applicants after coaching them with false answers. In *556 exchange for his cooperation and testimony against the coconspirators, Grief pled guilty to charges that he knowingly and intentionally conspired to create and supply, on a fee-for-service basis, false documents and statements to the INS. As part of Grief's plea agreement, prosecutors agreed not to bring federal charges involving an alleged conspiracy to smuggle illegal aliens into the United States in 1993. As a result of the plea agreement, Grief was convicted and sentenced to three years' probation and a fine of $3000. During his probation, Grief admitted to using cocaine four times during the summer of 1996. His probation was modified to include drug treatment.
After Grief's conviction, this Court entered on September 9, 1996, an immediate temporary order of felony suspension from the practice of law, effective thirty days from that date. Grief and The Florida Bar then stipulated on the record that the sole issue for a referee to determine in this case was the appropriate discipline. After a hearing, the referee found respondent guilty of violating the following Rules Regulating the Florida Bar: rule 3-4.3 (commission by a lawyer of any act that is unlawful or contrary to honesty and justice may constitute a cause for discipline); and rule 4-8.4 (lawyer shall not (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects; (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee recommended as discipline a three-year suspension dating back to the date of his felony suspension, payment of costs, and a contract with the Florida Lawyers Assistance program.
Our scope of review over disciplinary recommendations is broader than that afforded to findings of fact because it is our responsibility to order the appropriate discipline. Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). We have recognized that a referee's recommendation of discipline is to be afforded deference unless the recommendation is clearly erroneous or not supported by the evidence. Florida Bar v. Niles, 644 So.2d 504, 506-07 (Fla.1994). However, here we find that the recommendation of a three-year suspension is clearly erroneous.
We agree with the Bar's recommendation of disbarment. The Bar argues that this case is similar to Florida Bar v. Bustamante, 662 So.2d 687 (Fla.1995), in which the respondent was disbarred after being found guilty of participating in a scheme to defraud an insurance company through misrepresentations on loan applications and property appraisals. The Bar also argues that the instant case is similar to Florida Bar v. Levine, 571 So.2d 420 (Fla.1990), in which the respondent was disbarred after being convicted in a scheme to defraud investors. In each of those fraudulent scheme cases, we ordered disbarment despite mitigating factors presented by respondents.
The referee in this case properly considered all of the factors Grief presented as mitigation. However, we agree with the Bar's contention that a felony conviction of conspiracy to file false immigration documents is a serious offense for which disbarment is the appropriate discipline notwithstanding the mitigation considered by the referee.[1] Rather than a single ethical lapse, this case involved a deliberate, repeated pattern of serious misconduct by the affirmative act of filing false documents with the INS. Florida Standard for Imposing Lawyer Sanctions 5.11(a) provides that disbarment is the appropriate discipline when a lawyer is convicted of a felony. Such disbarment is not automatic. Florida Bar v. Jahn, 509 So.2d *557 285 (Fla.1987). However, we find that Grief has not overcome the presumption that disbarment is the appropriate discipline for a felony conviction. We do find that the mitigating factors found by the referee justify making the order of disbarment nunc pro tunc to the date Grief was suspended by reason of his criminal conviction.
Accordingly, respondent Alexander N. Grief, who is currently under suspension, is disbarred from the practice of law retroactive to October 18, 1996, the effective date of that suspension. Judgment for costs is hereby entered against Grief in the amount of $1,314.43, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The referee considered in mitigation: (1) Grief had not previously been disciplined for professional misconduct; (2) Grief had been a Bar member for almost twenty years; (3) Grief had made full and free disclosure to the disciplinary board and was cooperative; (4) Grief's witnesses included a member of the Board of Governors of The Florida Bar and a vice chair of a grievance committee of The Florida Bar; (5) persons who have dealt with Grief in business and the law testified as to his good reputation and their belief that he needs no further discipline and is rehabilitable if not already rehabilitated; (6) Grief expressed remorse and accepted responsibility for his actions. The referee also noted in her findings of fact that Grief's brother had died of an AIDS-related illness, that Grief is married with two young children, and that evidence does not show that Grief was motivated primarily by profit.