769 So.2d 1027 (2000)
THE FLORIDA BAR, Complainant,
v.
James F. DOUGHERTY, Respondent.
No. SC83401.
Supreme Court of Florida.
September 28, 2000.
John F. Harkness, Jr., Executive Director and John Anthony Boggs, Staff Counsel, Tallahassee, Florida; Randi Klayman Lazarus, Bar Counsel, Miami, Florida; and Jack Taffer, Special Bar Counsel, Miami, Florida, for Complainant.
James F. Dougherty, Miami, Florida, Respondent, pro se.
PER CURIAM.
We have for review the referee's report regarding alleged ethical breaches by James F. Dougherty. We have jurisdiction. Art. V, § 15, Fla. Const.
On May 7, 1997, the referee filed his report and recommendation finding that Dougherty had been convicted on several counts of wire fraud in federal court.[1] The basis of these felony convictions was essentially massive over-billing by Dougherty of his client, Lloyd's of London. The referee found five counts of over-billing and, as to each count, recommended that Dougherty be found guilty of violating Rule Regulating *1028 The Florida Bar 4-1.5(a) (excessive fees) and 4-8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). As a result of these violations, the referee recommended that Dougherty be disbarred. On appeal, the Eleventh Circuit Court of Appeals affirmed the federal convictions upon which the referee based his findings and recommendation. See United States v. Dougherty, 200 F.3d 819 (11th Cir.1999). The United States Supreme Court denied certiorari review of Dougherty's case. See Dougherty v. United States, ___ U.S. ___, 120 S.Ct. 1984, 146 L.Ed.2d 812 (2000).
Dougherty argues that the referee's findings are unfair because there was no proof of his alleged misconduct other than his federal convictions, and he is innocent of the charges. Dougherty states that he did not commit wire fraud. However, under the Rules Regulating The Florida Bar "[a] determination or judgment of guilt ... where the underlying criminal charges constitute felony charges ... shall ... constitute conclusive proof of the criminal offense(s) charged." R. Regulating Fla. Bar 3-7.2(i)(3). The referee's findings are essentially identical to the facts alleged in the criminal indictment upon which Dougherty was found guilty on all counts. Accordingly, the findings are supported by competent, substantial evidence in the record and must be upheld. See Florida Bar v. Kassier, 730 So.2d 1273, 1275 (Fla.1998); Florida Bar v. Cox, 718 So.2d 788, 792 (Fla.1998).
The referee's findings show that Dougherty over-billed Lloyd's of London for millions of dollars in attorney fees by fabricating billable hours attributed to himself and his employee attorneys. In his petition, Dougherty did not argue that disbarment is an inappropriate sanction for such misconduct. Rather, he argued that this Court should stay any order of disbarment until the Supreme Court rules on his certiorari petition. As noted above, the Supreme Court recently denied Dougherty certiorari review.
Accordingly, James F. Dougherty is hereby disbarred nunc pro tunc January 14, 1997, effective for a period of five years. In this Court's January 14, 1997, order suspending Dougherty, this Court afforded Dougherty thirty days to close out his practice and protect the interests of existing clients and further ordered that Dougherty shall accept no new business from the date the order was issued. Accordingly, Dougherty's disbarment in the instant case shall take effect on the same date as his 1997 suspension. Judgment is entered in favor of The Florida Bar, 650 Apalachee Parkway, Tallahassee, FL 32399, for costs from James F. Dougherty in the amount of $6,525.86, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Due to these convictions, Dougherty was automatically suspended from the practice of law in Florida on January 14, 1997. See Florida Bar v. Dougherty, 687 So.2d 1307 (Fla.1997) (table citation); see also R. Regulating Fla. Bar 3-7.2(e).