783 So.2d 1057 (2001)
THE FLORIDA BAR, Complainant,
v.
Steven Evan WOLIS, Respondent.
No. SC97019.
Supreme Court of Florida.
April 26, 2001.
John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Division Director, Tallahassee, FL; ad Eric Montel Turner, Bar Counsel, Fort Lauderdale, FL, for Complainant.
Andrew S. Berman of Young, Berman, Karpf & Gonzalez, P.A., North Miami Beach, FL, for Respondent.
PER CURIAM.
We have for review a referee's report recommending that attorney Steven Evan Wolis be disbarred for violating certain of the Rules Regulating the Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's report and disbar Wolis.

*1058 FACTS
Wolis was in-house counsel for a company that was investigated by the Securities and Exchange Commission ("SEC"), and he was ultimately named as a defendant in a sixty-four-count federal indictment alleging, among other things, multiple securities law violations as well as perjury, false statement, and obstruction of justice charges relating to the SEC investigation itself. Wolis ultimately pled guilty to count 64 of the indictment, which was a felony obstruction of justice charge that not only explicitly realleged and incorporated multiple previous paragraphs of the indictment but also specifically alleged in pertinent part that Wolis had "ma[de] materially false and misleading statements while testifying as a witness in a proceeding then pending before ... the SEC."
A federal judgment was entered on Wolis's guilty plea and he was sentenced to one year of probation with a special condition of sixty days' home detention. The Bar filed a notice of felony conviction with this Court, which in turn automatically suspended Wolis under rule 3-7.2(e). See Florida Bar v. Wolis, 735 So.2d 1288 (Fla. 1999) (table).
The Bar thereafter filed a complaint against Wolis alleging that, based on his felony conviction, he had violated rules 4-8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects), and 4-8.4(d) (lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice). Wolis stipulated to his guilt and the referee ultimately granted the Bar's motion for directed verdict as to guilt and held a hearing directed solely to the issue of discipline.
The referee subsequently issued his report recommending that Wolis be found guilty as charged and finding that "[t]he factual predicate for Count 64 [to which Wolis pled guilty] was contained in [the subject multiple previous paragraphs] of the ... indictment." As especially pertinent here, the referee found that "[i]ncluded in the predicate acts were [Wolis's] actions in assisting and filing false reports to the SEC" and, more specifically, that Wolis "was responsible for administrative operations ... of the [c]ompany" and had "not only prepared the narrative portions of the [c]ompany's quarterly and annual reports, [but also] signed the annual reports filed with the SEC." The referee found that these reports "overstated [the company's] revenues and reported profits, when the company was actually operating at substantial losses" and "were designed to make [the company] look profitable and active in order to boost the price of its stock," noting that Wolis "owned 35,000 shares of [the company's] common stock." The referee further found that Wolis had "l[ied] under oath during the SEC's investigation."
As to discipline, the referee in aggravation found a dishonest or selfish motive, substantial experience in the practice of law (respondent was admitted in 1987), and multiple offenses (while there was only one felony charge, there were multiple predicate acts), and in mitigation found an absence of a prior disciplinary record, a cooperative attitude toward the disciplinary proceedings, otherwise good character or reputation, imposition of other penalties (the criminal sentence), and remorse. Considering these aggravating and mitigating factors, the referee ultimately recommended that Wolis be disbarred, finding that "obstruction of justice, with a predicate act of perjury and the filing of fraudulent reports, is ... a serious felony" and that "[w]hile [Wolis] appears to be truly remorseful and genuine in his rehabilitation effort, the mitigation in this case is not sufficient to warrant a penalty less *1059 than [the presumed sanction of] disbarment." While the referee acknowledged that his recommendation of disbarment "was not an easy one to render given [Wolis'] age [of 39] and apparent remorse," the referee ultimately concluded that
[Wolis's] offense for which he was convicted goes to the very essence of the legal profession. The truth cannot be sacrificed for convenience or personal gain. It cannot be abrogated because of a client's needs. Simply stated, society must be able to rely upon an attorney's representations. The Oath of Admission to The Florida Bar, The Rules Regulating the Florida Bar and the interest of the general public mandate that attorneys tell the truth and act in an honorable fashion.
(Emphasis and footnote omitted). Wolis now petitions for this Court's review of the recommended discipline.[1]

DISCUSSION
Wolis essentially argues that the referee's findings of fact and aggravation are not supported by the record, urging that instead of disbarment, a three-year suspension is in order considering the mitigation presented and testimony directed to establishing that Wolis was no more than a naive, duped pawn in the underlying securities scheme. The Bar has responded that the referee's findings of fact and aggravation are supported by the record, urging that disbarment is warranted for Wolis's conviction of a felony involving dishonesty. We agree with the Bar.
Wolis's guilty plea to count 64 (which not only explicitly realleged and incorporated multiple previous paragraphs of the indictment, but which also specifically alleged in pertinent part that Wolis had "ma[de] materially false and misleading statements while testifying as a witness in a proceeding then pending before ... the SEC") provides the necessary competent substantial evidence which supports the referee's findings of fact challenged by Wolis. See rule 3-7.2(b) (felony conviction upon trial or plea "shall be conclusive proof of guilt of the criminal offense(s) charged for the purposes of these rules"); Florida Bar v. Dougherty, 769 So.2d 1027, 1028 (Fla.2000) (holding that where referee's findings were "essentially identical to the facts alleged in the criminal indictment" upon which attorney had been found guilty, the findings were supported by competent, substantial evidence in the record); Florida Bar v. Riccardi, 264 So.2d 5, 6 (Fla.1972) (determining discipline in light of indictment to which respondent had pled guilty). This competent, substantial evidence likewise supports the aggravators found by the referee and disputed by Wolis. See Florida Bar v. Tauler, 775 So.2d 944, 946 (Fla.2000) ("A referee's finding as to the existence of a particular mitigator [or, by extension, a particular aggravator] is considered a factual determination and is `presumed correct and will be upheld unless clearly erroneous or lacking in evidentiary support.'").
As to discipline, the referee's recommendation of disbarment is supported by existing standards and decisions insofar as Wolis was not only convicted of a felony, but one involving false testimony, with predicate acts involving the preparation and filing of false reports to the SEC which potentially could have resulted in personal gain for Wolis. See generally Florida Bar v. Grief, 701 So.2d 555, 556-57 (Fla.1997) (disbarment presumed to be appropriate discipline for felony conviction); Florida Bar v. Rightmyer, 616 So.2d 953, 955 (Fla.1993) (no ethical violation *1060 more damaging to legal profession and process than lying under oath; lawyer who knowingly and deliberately seeks to corrupt the legal process can logically expect to be excluded from it); Fla. Stds. Imposing Law. Sancs. 5.11(a), (b), and (f) (disbarment generally appropriate when lawyer is convicted of felony; engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, or misrepresentation; or engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice). Further, the referee's conclusion that Wolis's felony conviction for obstruction of justice was "serious" in nature is worthy of endorsement by this Court. See, e.g., Grief, 701 So.2d at 556 ("[W]e agree with the Bar's contention that a felony conviction of conspiracy to file false immigration documents is a serious offense for which disbarment is the appropriate discipline notwithstanding the mitigation considered by the referee."); Florida Bar v. Cohen, 583 So.2d 313, 314 (Fla.1991) ("[W]e agree with the Bar that a conviction of felony arson, the commission of which allows an attorney to collect over $30,000 in insurance proceeds, is a serious offense which warrants disbarment, notwithstanding the facts considered in mitigation by the referee."); Florida Bar v. Isis, 552 So.2d 912, 913 (Fla.1989) ("We agree with the Bar's argument that disbarment is required based on the serious nature of the felony for which [the subject attorney] was convicted [i.e., conspiracy to commit organized fraud].").

CONCLUSION
Here, the underlying factor which Wolis fails to refute is that, as found by the referee, Wolis owned 35,000 shares of common stock in the company for which he worked and participated in improper conduct designed to enhance the company's appearance of profitability and in activities to support the value of the company's stock. This conduct was not only very serious, but also had the underpinnings of being directed toward personal gain. This conduct is especially serious when combined with the felony conviction and certainly warrants disbarment. We approve the referee's recommendation of disbarment as being supported by existing standards and controlling authority.
Accordingly, Steven Evan Wolis is hereby disbarred from the practice of law, effective nunc pro tune June 25, 1999, the effective date of his felony suspension. Judgment for costs in the amount of $1,285.19 is entered against Wolis and in favor of The Florida Bar, 650 Apalachee Parkway, Tallahassee, FL 32399, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Neither party challenges the referee's recommendations as to guilt, which we approve without comment.