603 So.2d 502 (1992)
THE FLORIDA BAR, Complainant,
v.
Michael J. NEDICK, Respondent.
No. 76908.
Supreme Court of Florida.
July 23, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel and James N. Watson, Jr., Bar Counsel, Tallahassee, for complainant.
Michael J. Nedick, in pro per.
PER CURIAM.
This disciplinary proceeding is before the Court on complaint from The Florida Bar *503 and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
After forming a partnership in 1982, Michael J. Nedick, along with his partners, received cash fees that they agreed not to report on their partnership or individual income tax returns. In 1983, Nedick filed a false personal income tax return in which he failed to report $7,500 that he had received.
In 1985, another partnership was formed. During 1985 and 1986 Nedick and his partner failed to report approximately $50,000 they had received in cash fees. After an investigation conducted by the United States Justice Department in 1987, it was found that Nedick and his partners had filed false income tax returns. Based upon this investigation, Nedick agreed to cooperate with the government and pled guilty to one count of tax evasion.
On April 4, 1990, Nedick was found guilty of attempting to evade or defeat tax in violation of federal law. He was sentenced to two years' imprisonment with all but three months suspended, followed by nine months' probation. On November 7, 1990, The Florida Bar initiated disciplinary proceedings against Nedick.
Based on the facts, the referee has recommended that Nedick be suspended from the practice of law for three years. The referee rejected The Florida Bar's request for disbarment on grounds that the respondent had no prior disciplinary record, had been cooperative with federal officials throughout the investigation, and had received other penalties for his misconduct. The referee also noted the following aggravating factors: (1) Nedick had a dishonest or selfish motive; and (2) there was a repetition of misconduct.
The Florida Bar asks that we disbar Nedick. As grounds, the Bar contends that (1) cooperation with governmental authorities should not be considered a mitigating factor, (2) analogous case law holds that disbarment is proper if a member has committed fraudulent acts, and (3) severe sanctions are necessary in order to show the legal profession and the public that "theft" by any name will not be tolerated by the Court and The Florida Bar.
We agree. Knowingly conspiring and agreeing to submit false tax returns to the federal government is fraudulent conduct of a serious order. On six different occasions over a five-year period, Nedick consciously acted to violate the law; and upon the federal government's discovery of this violation, he pled guilty and was convicted of tax evasion.
The referee felt that Nedick's cooperation with government officials after he had been caught was a mitigating factor. We find it carries insufficient weight here. To excuse repeated, long-term criminal behavior once the behavior is exposed simply because a person cooperated with the authorities is contrary to the purpose underlying our system of Bar discipline. While cooperation with authorities is a matter to be considered in mitigation, here it is clearly outweighed by the wilful and repetitious nature of Nedick's offenses. In repeatedly joining with others in making and subscribing to false income tax returns, Nedick has committed acts of perjury and conspiracy and is guilty of conduct involving moral turpitude. His only motive was pecuniary gain.
Although Nedick does not have a prior disciplinary record and other penalties have been imposed upon him for this offense, these mitigating factors are outweighed by the seriousness of the offense, its wilful and repetitious nature, and the selfish and deceitful motive behind it.
The referee's findings of fact are supported by competent and substantial evidence and therefore are conclusive. The Fla. Bar v. Seldin, 526 So.2d 41, 43 (Fla. 1988). Accordingly, we find Nedick guilty of violating Rule Regulating The Florida Bar 3-4.4 (conviction of a felony). We find him guilty of committing criminal acts, contrary to Rule Regulating The Florida Bar 4-8.4(b) (dishonest conduct). We find him guilty of acts involving fraud and deceit contrary to Rule Regulating The Florida Bar 4-8.4(c). Nedick is hereby disbarred effective August 24, 1992. Nedick shall accept no new business in his Florida practice *504 from the date of this opinion and shall take all necessary steps to protect the interests of any present Florida clients. Judgment for costs in the amount of $574.00 is entered against Nedick, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.
McDONALD, Justice, concurring in part, dissenting in part.
I would approve the referee's recommendation of three years suspension with the specified conditions for reinstatement as the appropriate penalty in this case.