643 So.2d 1063 (1994)
THE FLORIDA BAR, Complainant,
v.
Grafton Bernard WILSON, II, Respondent.
No. 81463.
Supreme Court of Florida.
October 6, 1994.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and John V. McCarthy, Bar Counsel, Tallahassee, for complainant.
Nicholas P. Sardelis, Jr. of the Law Offices of Nicholas P. Sardelis, Jr., Chartered, Sarasota, for respondent.
PER CURIAM.
Respondent Grafton B. Wilson, II has petitioned this Court to review the findings of fact and recommended disciplinary measures in the referee's report. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. We approve both the report and the recommended discipline.
Wilson was convicted of grand larceny and conspiracy in New York, based upon the reporting of fictitious and inflated costs to the State of New York so that a nursing home and its owners could illegally obtain funds from the New York Medicaid program. Wilson was ordered to pay $100,000 in restitution to the State of New York and placed on probation for five years. Wilson has appealed the convictions to the New York Court of Appeals.
*1064 Based upon his New York convictions, Wilson stipulated to violating various Rules Regulating The Florida Bar as charged in the Bar's complaint. At the referee hearing, Wilson presented evidence to mitigate the disciplinary action to be imposed.
The referee recommended that Wilson be found guilty of violating the following Rules Regulating The Florida Bar: rule 3-4.3 (commission of act that is unlawful or contrary to honesty and justice); rule 4-8.4(b) (commission of criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness as lawyer); and rule 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee also found that the acts violated the following rules that were in effect at the time that Wilson committed the acts: Florida Bar Integration Rule, article XI, rule 11.02(3) (moral conduct involving dishonesty or conviction of a crime); and Code of Professional Responsibility, Disciplinary Rules 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation).
The referee found the following to be mitigating factors in this case: absence of a prior disciplinary record; Wilson's good character and reputation in the community; Wilson had already been sentenced to probation and restitution by the New York court; and Wilson exhibited remorse for his mistakes. The referee also found the following aggravating circumstances to be established: Wilson had a dishonest or selfish motive; there was a pattern of misconduct; multiple offenses were involved; Wilson's refusal to acknowledge the wrongful nature of his conduct; the vulnerability of the victim; and Wilson's substantial experience in practice of law. The referee concluded that the aggravating circumstances were more compelling than the mitigating circumstances, and that the substantial character evidence was not sufficient to overcome clear and convincing evidence that Wilson had committed two serious felonies involving theft of public Medicaid money. Accordingly, the referee recommended disbarment, retroactive to the date of Wilson's emergency suspension on December 9, 1992. The referee also recommended that Wilson be granted leave to apply for readmission after five years, provided that he makes full restitution as required by the New York sentence.
Wilson filed a petition for review of the referee's report, alleging erroneous findings of fact and arguing that the referee's recommendation of disbarment is not appropriate. We find no merit in either issue.
A referee's findings of fact carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. The Fla. Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986). We do not find that the referee's findings were clearly erroneous. Moreover, the errors alleged by Wilson involve inconsequential factual issues that did not affect the referee's recommendation.
The Court's scope of review is broader when it reviews a referee's recommendation for discipline because the Court ultimately has the responsibility to order an appropriate sanction. The Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla. 1989). A bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must be severe enough to deter other attorneys from similar misconduct. The Fla. Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970).
Wilson contends that the referee applied a de facto "automatic disbarment upon conviction of felony" rule. While we agree with Wilson that conviction of a felony does not automatically require disbarment, see The Fla. Bar v. Jahn, 509 So.2d 285 (Fla. 1987), we do not agree that the referee's recommendation of disbarment in this case was based upon any such automatic disbarment rule. In fact, the referee's report specifically states that while disbarment is the presumed sanction for misappropriation of public funds, it "is not automatic." After weighing both the mitigating and aggravating circumstances, the referee concluded that "the substantial character evidence is not sufficient to overcome clear and convincing evidence that Grafton B. Wilson committed *1065 two serious felonies involving theft of public medicaid money."
Under Florida Standard for Imposing Lawyer Sanctions 5.11, disbarment is appropriate when a lawyer is convicted of a felony. In the instant case, Wilson has been convicted of two felonies. Moreover, in committing these felonies Wilson used his knowledge and position as an attorney to help the nursing home owners defraud the State of New York of $100,000. Thus, we agree with the referee's recommendation that Wilson be disbarred.
Accordingly, we approve the referee's report and disbar Grafton B. Wilson from the practice of law, retroactive to the date of his emergency suspension on December 9, 1992. Wilson may apply for readmission to the Bar at the end of five years, provided that he has made full restitution to the State of New York. Judgment is entered against Wilson for costs in the amount of $1,527.34, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
WELLS, J., recused.