662 So.2d 687 (1995)
THE FLORIDA BAR, Complainant,
v.
John H. BUSTAMANTE, Respondent.
No. 82884.
Supreme Court of Florida.
September 21, 1995.
Rehearing Denied November 9, 1995.
*688 John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, James N. Watson, Jr., Bar Counsel and Alisa M. Smith, Co-Bar Counsel, Tallahassee, for complainant.
Richard A. Greenberg, Tallahassee, for respondent.
PER CURIAM.
John H. Bustamante petitions this Court for review of the referee's report recommending that he be disbarred as a result of his federal felony conviction for wire fraud. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed, we approve the referee's recommended discipline and we hereby disbar Bustamante.
The facts of this case are as follows. On September 12, 1990, Bustamante was indicted by a federal grand jury on twelve counts of fraud. On February 4, 1991, a jury found him guilty of five of the twelve counts. After appeal, however, a new trial was granted because of inconsistencies in the jury's verdict. On April 2, 1993, Bustamante entered into a plea agreement in which he pleaded guilty to count I of the indictment. As part of the agreement, Bustamante agreed to cease the practice of law in Ohio and in any other state in which he was licensed and agreed not to contest any action that the Supreme Court of Ohio or the appropriate authority in any other state instituted as a result of his conviction in federal court. Count I of the indictment charged Bustamante with participating in a scheme to defraud an insurance company and to obtain money from the insurance company by means of false and fraudulent pretenses, representations, and promises. The scheme involved the following acts of misconduct by Bustamante: (1) misrepresentation of the purpose of the loan request; (2) deceptive procurement of inaccurate property appraisals for use in securing the loan; (3) use of loan proceeds for personal use rather than the stated purpose of drilling for oil; (4) use of funds embezzled from a client to repay interest on the loan; (5) concealment of changes to collateral property; (6) assisting in fraudulently obtaining a loan for a land development company; and (7) diversion and concealment of large sums of money for personal use rather than for repayment of the loan. Count I charged that these wrongful actions on the part of Bustamante had the following effects: (1) the insurance company was fraudulently induced to lend Bustamante a total of $725,000; and (2) the insurance company was fraudulently induced to lend $2,600,000 to a land development corporation and, because of that inducement, Bustamante and his firm were enriched by approximately $269,000. The loan eventually went into default.
As a result of the plea agreement, on June 11, 1993, Bustamante was convicted as charged in count I and sentenced to five years' probation and ordered to pay restitution. On October 8, 1993, The Florida Bar filed notice of determination of guilt with this Court showing Bustamante's federal felony conviction, and, on October 19, 1993, this Court suspended Bustamante on an emergency basis effective November 18, 1993, due to the conviction. Thereafter, this case was referred to a referee for findings of fact and recommendation of discipline. Based on the felony conviction, the referee found Bustamante guilty of violating the following Rules Regulating the Florida Bar: rule 3-4.4 (criminal misconduct); rule 4-8.4(a) (a lawyer shall not violate the Rules of Professional Conduct); rule 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); and rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee then recommended *689 that Bustamante be disbarred. In making that recommendation, the referee considered the following factors in aggravation: dishonest or selfish motive, pattern of misconduct, refusal to acknowledge wrongful nature of conduct, and substantial experience in the practice of law. The referee also considered that Bustamante is sixty-five years old, that he was admitted to the Bar in 1952, and that disciplinary measures are pending in Ohio.[1]
Bustamante contests the referee's recommendation, claiming that a suspension rather than disbarment is the appropriate discipline in this case. First, he contends that the referee erroneously applied the above-listed aggravating factors to this case. Essentially, he argues that the aggravating circumstances are inapplicable because he was targeted for prosecution for political purposes and because he signed the plea agreement under duress (his daughter was ill, his son had recently committed suicide, and he signed the agreement to prevent the prosecution of other family members). He also states that the aggravating circumstance of substantial experience in the practice of law is actually a mitigating rather than an aggravating factor. Additionally, he asserts that the referee erroneously failed to consider any mitigating factors. He lists his good character, his previously unblemished forty-year legal career, his age of sixty-five years, his national reputation in the black community, and the extreme pressures he was undergoing during the time he was being prosecuted as factors in mitigation.
A referee's findings are presumed correct unless they are clearly erroneous or lacking in evidentiary support. As long as those findings are supported by competent, substantial evidence, we will not reweigh the evidence and substitute our judgment for that of the referee. Florida Bar v. Garland, 651 So.2d 1182 (Fla. 1995); Florida Bar v. MacMillan, 600 So.2d 457 (Fla. 1992). In this case, we find that the referee's findings regarding the aggravating circumstances are supported by competent, substantial evidence in the record. Moreover, we note that all of the mitigating factors set forth by Bustamante were presented to the referee; that the referee stated that he considered "all the pleadings and evidence" before him; and that the referee specifically listed in his report the mitigating circumstances of Bustamante's age and the number of years he had been a member of the Bar. Consequently, we reject Bustamante's claim that the referee inappropriately applied factors in aggravation and failed to consider appropriate factors in mitigation in reaching the conclusion that Bustamante should be disbarred.
Second, Bustamante asserts that this Court has suspended rather than disbarred attorneys for similar misconduct. In support of this position, he cites to a number of cases, including Florida Bar v. Smith, 650 So.2d 980 (Fla. 1995) (conviction for tax evasion and causing false statement to be made to Federal Election Commission warranted three-year suspension), Florida Bar v. Marcus, 616 So.2d 975 (Fla. 1993) (misappropriation of client funds and misrepresentation to insurance company warranted three-year suspension), and Florida Bar v. Diamond, 548 So.2d 1107 (Fla. 1989) (wire and mail fraud conviction warranted three-year suspension). We find each of the cases cited by Bustamante to be distinguishable from this case. For instance, in Smith, the referee specifically found that Smith had not acted with dishonest or selfish motives. In Marcus, we found that the misconduct occurred as a result of the respondent's substance abuse and that the respondent was making a concerted effort to rehabilitate himself. Finally, in Diamond, the character evidence presented on Diamond's behalf was so strong that the judge who actually sat on his criminal case testified on Diamond's behalf at the disciplinary proceeding.
In this case, Bustamante acted with a dishonest or selfish motive in fraudulently obtaining funds through a series of misrepresentations; he used funds embezzled from a client to repay interest on the loan; his conduct occurred over a five-year period; and he still refuses to acknowledge the wrongful nature of his conduct despite his many years of experience in the field of law. *690 Moreover, the family problems Bustamante experienced (his daughter's illness and his son's death) occurred after the misconduct at issue. Under these circumstances, we find Bustamante's case to be much more akin to Florida Bar v. Wilson, 643 So.2d 1063 (Fla. 1994), and Florida Bar v. Nedick, 603 So.2d 502 (Fla. 1992), than to the cases cited by Bustamante. In Wilson, the respondent had been convicted of two felony charges for the reporting of fictitious and inflated costs to the State of New York so that a nursing home and its owners could obtain funds from the state medicaid program. We disbarred the respondent despite substantial mitigating character evidence. In Nedick, we disbarred the respondent for repeatedly joining with others in making and subscribing to false income tax returns and pleading guilty to tax evasion despite the respondent's cooperation with authorities once the behavior was exposed. Under Florida Standard for Imposing Lawyer Sanctions 5.11, disbarment is the appropriate discipline when a lawyer is convicted of a felony. Although such disbarment is not automatic, Florida Bar v. Jahn, 509 So.2d 285 (Fla. 1987), under the circumstances in this case, we find that Bustamante has not overcome the presumption that disbarment is the appropriate discipline for a felony conviction. Consequently, we find that disbarment is warranted.
Accordingly, John H. Bustamante is hereby disbarred from the practice of law. The disbarment will be effective from the date of his emergency suspension, November 18, 1993. Judgment is entered against Bustamante in favor of The Florida Bar for costs in the amount of $625.25, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] As of the date of this opinion, disciplinary proceedings are still pending in Ohio.