OFFICE OF DISCIPLINARY COUNSEL *v.* BUSTAMANTE.

[Cite as *Disciplinary Counsel v. Bustamante* (1997), 78 Ohio St.3d 74.]

(No. 96–1977—Submitted December 11, 1996—Decided March 26, 1997.)

*Geoffrey Stern,* Disciplinary Counsel, and *Sally Ann Steuk,* Assistant Disciplinary Counsel, for relator.

*Donald C. Brey,* for respondent.

---

*Per Curiam.* Gov.Bar R. V(11)(F)(4) states that when an attorney is disciplined in another jurisdiction, this court "shall impose the identical or comparable discipline imposed in the other jurisdiction, unless the attorney proves * * * (b) [t]hat the misconduct established warrants substantially different discipline in Ohio."

As both respondent's former counsel and present counsel point out in their respective filings, a disbarment under Florida State Bar Rule 3–5.1(f) permits the respondent to apply for readmission at any time after November 18, 1998, five years from the effective date of his Florida disbarment. In contrast, disbarment under Ohio's Gov.Bar R. V(6)(C) would bar respondent from ever being readmitted to the practice of law in Ohio. Thus, a Florida "disbarment" is comparable to an Ohio "indefinite suspension."

Therefore, respondent is indefinitely suspended from the practice of law in Ohio with permission to apply for readmission after November 18, 1998, if he has been readmitted to the practice of law in Florida. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., not participating.