**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 74.]**

OFFICE OF DISCIPLINARY COUNSEL V. BUSTAMANTE.

[Cite as *Disciplinary Counsel v. Bustamante*, 1997-Ohio-2.]

*Attorneys at law--Misconduct--Reciprocal discipline--Indefinite suspension with permission to apply for readmission after November 18, 1998 if readmitted to the practice of law in Florida--Conviction of participating in a scheme to defraud and to obtain money from an insurance company by means of false and fraudulent pretenses, representations, and promises.*

(No. 96-1977--Submitted December 11, 1996--Decided March 26, 1997.)

ON CERTIFIED ORDER of the Supreme Court of Florida, No. 82, 884.

———————————

{¶ 1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶ 2} On June 11, 1993, respondent, John Henry Bustamante of Cleveland, Ohio, Attorney Registration No. 0009679, was found guilty in federal district court of participating in a scheme to defraud and to obtain money from an insurance company by means of false and fraudulent pretenses, representations, and promises. Respondent's representations caused an insurance company to loan him $725,000 and to loan $2,600,000 to a land development company. Both loans went into default, but respondent was enriched by $269,000.

{¶ 3} As a result of respondent's felony conviction, we indefinitely suspended respondent on July 29, 1993 from the practice of law in Ohio. *In re Bustamante* (1993), 67 Ohio St.3d 1416, 616 N.E. 2d 244.

{¶ 4} Effective November 18, 1993, based on respondent's felony conviction, the Supreme Court of Florida suspended respondent from the practice of law in that state. *The Florida Bar v. Bustamante* (1993), 629 So.2d 135. That court referred the matter of respondent's actions to a referee to determine whether

respondent had violated any of the Rules Regulating the Florida Bar. As a result of those proceedings, the respondent was disbarred in the state of Florida. *The Florida Bar v. Bustamante* (1995), 662 So.2d 687. This latter decision was transmitted to us by relator, Office of Disciplinary Counsel, as required by Gov.Bar R. V(11)(F), and we issued an order to show cause.

{¶ 5} Respondent's former counsel filed a "Response to Order to Show Cause," and respondent then retained new counsel who filed a "Notice of Filing of Rules."

———————————

*Geoffrey Stern,* Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Donald C. Brey,* for respondent.

———————————

*Per Curiam.*

{¶ 6} Gov.Bar R. V(11)(F)(4) states that when an attorney is disciplined in another jurisdiction, this court "shall impose the identical or comparable discipline imposed in the other jurisdiction, unless the attorney proves * * * (b) [t]hat the misconduct established warrants substantially different discipline in Ohio."

{¶ 7} As both respondent's former counsel and present counsel point out in their respective filings, a disbarment under Florida State Bar Rule 3-5.1(f) permits the respondent to apply for readmission at any time after November 18, 1998, five years from the effective date of his Florida disbarment. In contrast, disbarment under Ohio's Gov.Bar R. V6)(C) would bar respondent from ever being readmitted to the practice of law in Ohio. Thus, a Florida "disbarment" is comparable to an Ohio "indefinite suspension."

{¶ 8} Therefore, respondent is indefinitely suspended from the practice of law in Ohio with permission to apply for readmission after November 18, 1998, if he has been readmitted to the practice of law in Florida. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., not participating.

_____