IN RE BUSTAMANTE.

OFFICE OF DISCIPLINARY COUNSEL *v.* BUSTAMANTE.

[Cite as *In re Bustamante,* 100 Ohio St.3d 39, 2003-Ohio-4828.]

(Nos. 1993–1418 and 1996–1977—Submitted May 14, 2003—Decided September 24, 2003.)

**Per Curiam.**

{¶ 1} In 1993, respondent, John Henry Bustamante of Cleveland, Ohio, Attorney Registration No. 0009679, was convicted in a federal district court of participating in a scheme to defraud an insurance company. The federal court placed respondent on probation for five years and ordered him to make restitution to the insurance company.

{¶ 2} In case No. 1993–1418, pursuant to Gov.Bar R. V(5)(A)(3), we indefinitely suspended respondent from the practice of law in Ohio on July 29, 1993, because of his felony conviction. *In re Bustamante* (1993), 67 Ohio St.3d 1416, 616 N.E.2d 244.

{¶ 3} Effective November 18, 1993, respondent was disbarred by the Supreme Court of Florida. *Florida Bar v. Bustamante* (Fla.1995), 662 So.2d 687. Under Florida law, respondent could apply for readmission in Florida at any time after November 18, 1998. Florida State Bar Rule 3–5.1(f). Therefore, in case No. 1996–1977, we indefinitely suspended respondent from the practice of law in Ohio pursuant to the reciprocal-discipline provision of Gov.Bar R. V(11)(F)(4), with permission to apply for reinstatement after November 18, 1998, "if he has been readmitted to the practice of law in Florida." *Disciplinary Counsel v. Bustamante* (1997), 78 Ohio St.3d 74, 75, 676 N.E.2d 516. Our order in case No. 1996–1977 specifically precluded respondent's reinstatement unless he "files evidence with the Clerk of this Court and with Disciplinary Counsel demonstrating his reinstatement to the practice of law in Florida."

{¶ 4} Respondent has now filed a motion for termination of his felony suspension in case No. 1993–1418 and a petition for reinstatement in case No. 1996–1977. Respondent informs us that on January 20, 2001, the President of the United States pardoned him for the federal offense of which he was convicted.

He asserts that he has complied with all requirements for reinstatement set forth in Gov.Bar R. V(10), except that he has not made full restitution to those harmed by his misconduct. See Gov.Bar R. V(10)(E)(1). Claiming that he has no assets and could find no work after disbarment, respondent requests that we grant him an "exception to further restitution as a condition for the reinstatement."

{¶ 5} Respondent overlooks, however, that restitution is not the only remaining obstacle to his reinstatement in Ohio. As previously noted, our order of March 26, 1997, specifically required that respondent submit evidence of his reinstatement to the practice of law in Florida. Respondent has failed to make, or even to attempt, any such showing. In fact, his petition gives us no reason to suppose that he has so much as *applied* for reinstatement in Florida. Moreover, respondent does not request to be exempted from the requirement that he be reinstated in Florida before being reinstated in Ohio. He simply ignores the entire issue.

{¶ 6} We deny respondent's request for exception from the conditions for reinstatement. Since respondent has not submitted evidence demonstrating his reinstatement to the practice of law in Florida, we find that his petition for reinstatement in case No. 1996–1977 is facially insufficient. We therefore deny the petition for reinstatement forthwith, without referring it to the Board of Commissioners on Grievances and Discipline for hearing. See Gov.Bar R. V(10)(F).

{¶ 7} In case No. 1993–1418, we also deny respondent's motion for termination of felony suspension, pending respondent's showing of full compliance with *all* conditions for reinstatement set forth in Gov.Bar R. V(10), and in our order of March 26, 1997. Costs are taxed to respondent.

Reinstatement denied,<br>
request for exception denied<br>
and motion denied.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., not participating.

---

Squire, Sanders & Dempsey, L.L.P., and Charles F. Clarke, for respondent.